**PHILADELPHIA CORRECTIONAL OFFICERS ASSOCIATION, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, and City of Philadelphia, and American Federation of State, County and Municipal Employees, Local 159 and District Council 33, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1995.
Decided Nov. 14, 1995.

line out of fear for their safety and entitle them to benefits).

John K. Weston, for appellant.

John B. Neurohr, for appellee, Pennsylvania Labor Relations Board.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY, and NEWMAN, JJ.

NEWMAN, Judge.

The Philadelphia Correctional Officers Association (Association) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) that affirmed the decision of the Pennsylvania Labor Relations Board (PLRB) holding that it did not have jurisdiction over the representation petition filed by the Association. We affirm.

The Association is an unincorporated association that seeks to be the exclusive collective bargaining agent for a unit of prison guards employed by the City of Philadelphia (City). On April 27, 1992, the Association filed a petition for representation with the PLRB in which it averred that thirty percent or more of the correctional officers wished to be represented by the Association. The current recognized bargaining agent for the unit is the American Federation of State, County and Municipal Employees (AFSCME), Local 159, an affiliated local of AFSCME District Council 33. The correctional officers are represented by District Council 33, pursuant to a 1961 City ordinance that authorized the mayor to enter into a collective bargaining agreement with District Council 33 as the

exclusive bargaining representative of various City employees.

By letter dated May 4, 1992, the Secretary of the PLRB declined to direct a hearing on the Association's petition for representation, concluding that the PLRB lacked jurisdiction to conduct a representation proceeding because the petitioned-for employees are covered by the 1961 City ordinance, which gave AFSCME the exclusive right to represent the employees in collective bargaining. The Secretary explained that Section 2003 of the Public Employe Relations Act (PERA)[1] saved the 1961 ordinance, and thus the exclusive bargaining relationship, from the inconsistent provisions of PERA, including the provisions permitting the filing of a rival representation petition by any other employee organization. Accordingly, the Secretary of the PLRB dismissed the Association's petition for representation.

The Association filed exceptions to the Secretary's determination. On August 18, 1992, the PLRB issued its final order, dismissing the exceptions. The PLRB relied upon this court's decision in *Employes of the City of Philadelphia v. Pennsylvania Labor Relations Board*, 23 Pa.Cmwlth. 233, 350 A.2d 923 (1976), *petition for allowance of appeal denied*, (No. 2390 Allocatur Dkt. 1976, filed May 25, 1976), commonly known as the "Deputy Sheriffs" case, in which we held that the PLRB does not have jurisdiction over a representation petition filed with respect to employees covered by the 1961 ordinance. Therefore, the PLRB held that the Secretary's decision not to direct a hearing on the petition for representation was proper and the Association's exceptions must be dismissed.

From that decision, the Association appealed to this court, and Local 159 and District Council 33 were permitted to intervene as appellees. Judge Pellegrini subsequently transferred the appeal to the trial court, holding that the first appeal from the PLRB's order should have been directed to the court of common pleas. *Philadelphia Correctional Officers Assn. v. Pennsylvania Labor Relations Board* (No. 2001 C.D. 1992, filed June 11, 1993). Following argument on March 24, 1994, the trial court denied the Association's appeal on the basis of *Deputy Sheriffs*. This appeal followed.

■ On appeal to this court, the Association presents the following two issues: (1) whether the PLRB's interpretation of Section 2003 of PERA is consistent with the City ordinance, Pennsylvania's rules of statutory construction and case law; and (2) whether the PLRB's interpretation of Section 2003 of PERA violates the Pennsylvania and United States Constitutions.[2]

I.

As a preliminary matter, we note that Section 2003 of PERA provides as follows:

*Present provisions of an ordinance of the City of Philadelphia approved April 4, 1961,* entitled 'An Ordinance to authorize the Mayor to enter into an agreement with District Council 33, [AFSCME], A.F.L.–C.I.O., Philadelphia and vicinity regarding its representation of certain City Employes,' *which are inconsistent with the provisions of this act shall remain in full force and effect so long as the present provisions of that ordinance are valid and operative.*

43 P.S. § 1101.2003 (emphasis added).

■ It is the Association's position on appeal that the PLRB has incorrectly interpreted Section 2003 as preventing the PLRB from recognizing an employee organization other than AFSCME as the exclusive labor

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.2003.

2. Our scope of review of a final order of the PLRB is limited to determining whether its findings of fact are supported by substantial evidence and whether the conclusions drawn from those findings are reasonable and not arbitrary, capricious or incorrect as a matter of law. *Joint Bargaining Committee of the Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board*, 68 Pa.Cmwlth. 307, 449 A.2d 96 (1982), aff'd, 503 Pa. 236, 469 A.2d 150 (1983).

This court will not lightly substitute its judgment for that of the PLRB; the PLRB possesses administrative expertise in the area of public employee labor relations and should be shown deference. *AFSCME, Council 13, AFL–CIO v. Pennsylvania Labor Relations Board*, 150 Pa. Cmwlth. 642, 616 A.2d 135 (1992).

representative of certain City employees until City Council amends the 1961 ordinance to provide otherwise.[3] According to the Association, the provisions of the 1961 ordinance are in no way inconsistent with PERA. The Association asserts that by its very language, the ordinance is permissive,[4] and when the ordinance was passed nearly a decade before PERA was enacted, it recognized the only union then in existence. The Association, therefore, maintains that PERA's procedures for union recognition should be viewed as complementary to the ordinance's means of selecting union representatives, and as such, Section 2003 is never triggered. Citing *Deputy Sheriffs*, the Association posits that Section 2003 is simply a grandfather clause to preserve the labor contract between AFSCME and the City that existed when PERA was passed. We disagree.

■ The plain words of a statute cannot be disregarded where its language is free and clear from all ambiguities. *Hyser v. Allegheny County*, 61 Pa.Cmwlth. 169, 434 A.2d 1308 (1981). In the case before us, we find support for the PLRB's interpretation of Section 2003 in a reading of the plain words of the statute. The plain words of Section 2003 provide that the "[p]resent provisions of [the 1961 City ordinance], which are inconsistent with the provisions of [PERA] shall remain in full force and effect so long as the present provisions of that ordinance are valid and operative." 43 P.S. § 1101.2003. Contrary to the Association's assertion, we do not find the ordinance's provision making AFSCME the exclusive bargaining representative for certain City employees to be con-

sistent with PERA's provision permitting rival representation proceedings. The two provisions are clearly inconsistent and, as such, the ordinance's inconsistent provision remains in full force and effect as long as the ordinance itself is valid and operative. Unless amended by City Council, the ordinance as it currently exists remains valid and operative.

■ Furthermore, we reject the Association's argument that Section 2003 is merely a grandfather clause to preserve the labor contract between AFSCME that existed when PERA was enacted. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), provides that "[e]very statute shall be construed, if possible, to give effect to all its provisions." It also is well established that every provision of a statute is presumed to be intended for some purpose and may not be reduced by interpretation to mere surplusage. *Commonwealth v. Lobiondo*, 501 Pa. 599, 462 A.2d 662 (1983). In our view, the Association's argument impermissibly renders Section 2003 mere surplusage because Section 602(b)[5] and Section 904[6] of PERA already accomplish the Association's interpretation of Section 2003 by, respectively, grandfathering bargaining relationships in existence upon the passage of PERA and permitting contract provisions in existence, even if inconsistent with PERA, to remain in effect. Had the legislature intended merely to grandfather the existing collective bargaining agreement between the City and AFSCME, the legislature could have stopped with Sections 602(b) and 904 and not includ-

---

3. Since *Deputy Sheriffs*, the PLRB has consistently refused to entertain representation petitions dealing with employees who have not been exempted from the City ordinance by amendment of that ordinance.

4. Specifically, the ordinance provides that "[t]he Mayor is authorized to enter into an agreement with District Council 33."

5. 43 P.S. § 1101.602(b), which provides:

Any employe representatives in existence on January 1, 1970, shall so continue without the requirement of an election and certification until such time as a question concerning representation is appropriately raised under this act, or until the board would find the unit not to be appropriate after challenge by the public em-

ployer, a member of the unit or an employe organization. The appropriateness of the unit shall not be challenged until the expiration of any collective bargaining agreement in effect on the date of the passage of this act.

6. 43 P.S. § 1101.904, which provides:

Any provision of any collective bargaining agreement in existence on January 1, 1970 which is inconsistent with any provision of this act but not otherwise illegal shall continue valid until the expiration of such contract. The parties to such agreements may continue voluntarily to bargain on any such items after the expiration date of any such agreement and for so long as these items remain in any future agreement.

ed Section 2003. However, the statute's language, "so long as the present provisions of that ordinance are valid and operative," evidences an intent to preserve the relationship between AFSCME and the City beyond the expiration of the existing collective bargaining agreement. Therefore, as long as the 1961 ordinance is valid and operative, Section 2003 saves the ordinance's exclusive recognition of AFSCME from PERA's inconsistent provisions that permit the filing of a rival representation petition.

We also find *Deputy Sheriffs* to be supportive of the PLRB's interpretation. In that case, this court addressed whether the PLRB had jurisdiction to entertain a petition for representation filed by a group of City sheriffs. The deputy sheriffs, who were employees covered by the 1961 ordinance, wished to be represented by the Fraternal Order of Police, Lodge No. 5. In a unanimous *en banc* decision, we held that substantial evidence supported the PLRB's findings that the 1961 ordinance was still in full force and that a contract existed between the City and AFSCME pursuant to that ordinance. We therefore upheld the PLRB's determination that it did not have jurisdiction to entertain the deputy sheriffs' representation petition. Similarly, the case before us involves the Association's petition to represent correctional officers who also are covered by the 1961 ordinance. Accordingly, *Deputy Sheriffs* is dispositive of the issue of the PLRB's authority to conduct an election.

Next, the Association advances that one of the stated purposes of PERA is to grant public employees the right to organize and choose freely their representatives. Section 101, 43 P.S. § 1101.101. According to the Association, however, the PLRB's interpretation of Section 2003 makes the PLRB powerless to act even if every member of District Council 33 signed a representation petition seeking a different bargaining agent. The

Association maintains that this interpretation denies employees their right to organize and choose representation and gives it to the employer, a result that is absurd and in violation of Section 1922(1) of the Statutory Construction Act.[7] The Association further asserts that the PLRB's interpretation violates another principle of statutory construction, *i.e.*, that statutes are to be interpreted to achieve the objects of the legislation and to promote justice.

Despite the Association's protests, we are mindful that Section 1921(b) of the Statutory Construction Act provides that when the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). As previously indicated, the language of Section 2003 is clear and unambiguous. We therefore must reject the Association's arguments relating to statutory construction.

## II.

With respect to the second issue, the Association asserts that the PLRB's interpretation renders Section 2003 "local" or "special" legislation in violation of Article 3, Section 32 of the Pennsylvania Constitution. The Association also argues that the PLRB's interpretation violates the equal protection clause of the United States Constitution.

The Association, however, waived its right to argue these issues because it did not raise them before the PLRB or the trial court. The law is well settled that issues not raised in the lower court are waived and cannot be raised for the first time on appeal to this court. Pa.R.A.P. 302(a); *Fatzinger v. City of Allentown*, 140 Pa.Cmwlth. 62, 591 A.2d 369 (1991), *petition for allowance of appeal denied*, 529 Pa. 653, 602 A.2d 862 (1992). Therefore, we need not address the Association's constitutional challenges.[8]

---

**7.** 1 Pa.C.S. § 1922(1), which provides that when ascertaining legislative intent, it is presumed that the General Assembly did not intend an absurd result.

**8.** We also note that if we were to treat the Association's arguments as a challenge to the constitutionality of Section 2003 itself, the Association failed to comply with Pa.R.A.P. 521(a),

which requires a party challenging the constitutionality of a statute to notify the Attorney General of Pennsylvania. Failure to provide such notice results in a waiver of the party's constitutional claims. *In re Petition to Increase Millage Limit Levied on Real Estate from 25 Mills to 30 Mills*, 166 Pa.Cmwlth. 161, 646 A.2d 61 (1994).

For these reasons, we conclude that the PLRB did not err in concluding that it lacked jurisdiction over the Association's representation petition. Accordingly, we affirm the trial court's order, affirming the PLRB.

### *ORDER*

AND NOW, November 14, 1995, we affirm the order of the Court of Common Pleas of Philadelphia County, dated March 24, 1994.

SMITH J., dissents.

KELLEY, Judge, dissenting.

I respectfully dissent. It is axiomatic that PERA must be construed as intending to favor the public interest and I believe that the majority's construction is clearly in conflict with this mandate. *State College Education Association v. Pennsylvania Labor Relations Board,* 9 Pa.Cmwlth. 229, 306 A.2d 404 (1973), *remanded,* 461 Pa. 494, 337 A.2d 262 (1975).

As correctly pointed out by the majority, one of the stated purposes of PERA is to grant to public employees the right to organize and choose freely their representatives. Section 101, 43 P.S. § 1101.101. To enable public employees to freely choose their representatives, section 603, 43 P.S. § 1101.603, of PERA permits public employees to notify their public employer that thirty percent or more in an appropriate unit desire to be exclusively represented for collective bargaining purposes by a designated representative and request the public employer to consent to an election.[1]

However, despite the fact that public employees are permitted to file a rival representation petition, the majority concludes that section 603 is inconsistent with the valid and operative provisions of the 1961 ordinance, because section 2003 evidences an intent to preserve the exclusive relationship between

AFSCME and the City beyond the expiration of the existing collective bargaining agreement. Accordingly, the majority's holding results in the City's employees being prohibited from filing a rival representation petition from now until the 1961 ordinance is rendered invalid by the City Council. This event may occur in the near future or never depending on the wishes of the City Council.

I believe that this construction of section 2003, 43 P.S. § 1101.2003, of PERA reflects a result that is absurd and contrary to legislative intent. While I recognize that we may not disregard the letter of a statute under the pretext of pursuing its spirit, 1 Pa.C.S. § 1921(b), this prohibition, is subject to a narrow exception where strict "application of the statute as written will produce a result 'demonstrably at odds with the intentions of its drafters.'" *Philadelphia Suburban Corporation v. Commonwealth,* 144 Pa.Cmwlth. 410, 601 A.2d 893, 899 n. 2 (1992),[2] *vacated on other grounds,* 535 Pa. 298, 635 A.2d 116 (1993). It is clear, as evidenced by the statutory language of section 101 of PERA, that the drafters intended to accomplish the overall policy of PERA to promote orderly and constructive relationships between all public employers and their employees by, *inter alia,* granting to the public employees the right to organize and choose freely their representatives. 43 P.S. § 1101.101.

The majority's construction of section 2003 mandates that the City's public employees covered by the 1961 ordinance will never be able to freely choose another bargaining representative unless City Council acts to rescind the 1961 ordinance. This results in a deprivation of the public employees' rights under PERA and an enhancement of the City's rights as a public employer.

In effect, the majority's construction of PERA results in the employees losing the right to organize and choose freely their

---

1. When a group of public employees wish to remove an organization as their exclusive bargaining representative, the public employees must file a rival representation petition. 43 P.S. § 1101.603. If an election conducted pursuant to the rival representation petition results in the rival organization being selected as the representative, the incumbent organization is displaced and the new organization is substituted as the

unit's exclusive representative. *Commonwealth v. Pennsylvania Labor Relations Board,* 64 Pa. Cmwlth. 525, 441 A.2d 470 (1982), *affirmed in part, reversed in part on other grounds,* 502 Pa. 7, 463 A.2d 409 (1983).

2. Citing *Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 603, 112 L.Ed.2d 608 (1991).

representatives and gives that choice to the City. This absurd result is demonstrably at odds with the stated intention of the General Assembly. Therefore, I believe that the correct interpretation of section 2003 is that, upon the passage of PERA in 1970, the General Assembly intended to continue the life of the then existing labor contract through formal exclusionary recognition.

I further believe that this interpretation does not render section 2003 mere surplusage due to the existence of two other "grandfathering" provisions in PERA. *See* sections 602(b) and 904, 43 P.S. §§ 1101.602(b); 1101.904. Section 602(b), 904, and 2003 each pertain to a specific subject matter. Section 602(b) governs recognition and jointly requested certification; section 904 governs existing agreements and provisions inconsistent with PERA; and section 2003 governs specifically the Philadelphia ordinance.

The workers of this Commonwealth fought diligently to earn the rights that PERA has bestowed upon them particularly the right to choose freely a bargaining representative whom those employees believe is best suited to protecting the workers' rights. By virtue of the passage of PERA, these workers include the public employees covered under the City's 1961 ordinance. Accordingly, a public employee's right to choose freely a bargaining representative that has been statutorily set forth in the provisions of PERA must be afforded to those employees excluded from exercising that right by the majority's holding in this case. To hold otherwise flies in the face of the public interest that PERA was enacted to protect.

Therefore, I would hold that the PLRB has jurisdiction in this matter, reverse the order of the board, and remand this case to the PLRB with instructions to hold an evidentiary hearing on the Association's rival representation petition.