# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Adam Ehrlich,   :
              Appellant   :
                       :
         v.               :    No. 1213 C.D. 2024
                       :    SUBMITTED: April 13, 2026
Philadelphia Police Department   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED: May 13, 2026**

Appellant Adam Ehrlich (Requester) appeals from the order of the Court of Common Pleas of Philadelphia County, which denied his petition for judicial review of the Philadelphia Police Department's denial of his request for certain police body camera (bodycam) video recordings.

On September 18, 2023, Requester submitted multiple requests to the Department seeking police bodycam recordings pursuant to Act 22 of 2017.[1] The requests still at issue relate to events occurring on August 1 and 2, 2023, at three properties in which Requester claims an ownership interest.[2] One of those properties

---

[1] Act of July 7, 2017, P.L. 204, commonly referred to as Act 22, is codified in various sections of Titles 18 and 42 of the Pennsylvania Consolidated Statutes, and provides the exclusive means of accessing audio and video recordings created by law enforcement, *see* 42 Pa.C.S. §§ 67A01 - 67A09.

[2] Other unrelated requests are no longer at issue in this litigation.

has been the subject of a code enforcement litigation with the City of Philadelphia, which resulted in two previous appeals to this Court and, ultimately, the demolition of the property.[3] During the course of that litigation, on August 1 and 2, 2023, the Department dispatched officers to prevent unlawful and unauthorized entry to the property, in compliance with the order of this Court.[4]

According to Requester, on August 2, 2023, officers forcibly removed him from the property, wrongfully arrested him, inflicting injuries in the process, and removed some of his personal belongings from the property. Requester asserts that he filed the requests in question to identify the source of his injuries, investigate potential civil rights violations, track the location of the personal belongings that were moved, and potentially use the recordings in a civil suit. The Department denied the requests for the recordings on the grounds that they comprised information pertaining to agency investigations and that reasonable redactions would not cure the issue, relying upon Act 22 and the Criminal History Record Information Act (CHRIA).[5]

---

[3] *See City of Philadelphia v. A Kensington Joint, LLC* (Pa. Cmwlth., No. 1012 C.D. 2023, filed May 6, 2025) and *City of Philadelphia v. A Kensington Joint*, *LLC,* 301 A.3d 988 (Pa. Cmwlth. 2023).

[4] *See* Order, *City of Philadelphia v. A Kensington Joint* (Pa. Cmwlth., No. 823 C.D. 2023, filed August 2, 2023) (*per curiam*) (ordering the City to continue preventing unlawful and unauthorized entry to the Property pending disposition of the case).

[5] Section 9106(c)(4) of CHRIA provides, in relevant part, that "[i]nvestigative . . . information shall not be disseminated to any . . . individual unless the . . . individual requesting the information is a criminal justice agency which requests the information in connection with its duties." 18 Pa.C.S. § 9106(c)(4). Investigative information is defined as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa.C.S. § 9102.

Requester filed a timely petition for judicial review in the trial court. The Department moved to dismiss and for sanctions, arguing that the petition was moot because the City of Philadelphia produced the requested recordings in May 2024 during discovery related to the code enforcement litigation[6] or had made them otherwise public such that Requester was able to access them. Requester admitted that he received 19 recordings from August 2, 2023, through the code enforcement litigation, but denied that he received all the recordings encompassed by the request, citing a document produced by the City during discovery which identified 22 separate recordings.

The trial court issued an order denying Requester's petition on August 14, 2024.[7] The instant appeal ensued and the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), in support of its order.

On appeal, Requester raises the following issues: whether he is entitled to the recordings and whether the trial court should have, at a minimum, reviewed the requested recordings *in camera* to determine whether they should be produced. We note that Requester's brief addresses only Act 22 and does not challenge the trial court's decision as it pertains to CHRIA.

We have carefully reviewed the trial court's opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), and believe that it ably addresses

---

[6] *See* 42 Pa.C.S. § 67A08(1) ("[n]othing in this chapter shall be construed to alter the responsibilities of parties to any criminal or civil litigation to exchange information in accordance with applicable rules of procedure").

[7] The trial court also denied the Department's motion to dismiss and motion for sanctions on the same date.

the substance of the issues raised.[8]  Therefore, we adopt the opinion of the trial court in *Adam Ehrlich v. Philadelphia Police Department* (C.C.P. Phila., Civil No. 231102234, filed March 20, 2025) (appended hereto), and affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[8] As Petitioner did not request an *in camera* review or raise the issue in his statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(b), before the trial court, the Court will not address the issue further.  "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pennsylvania Rule of Appellate Procedure 302, Pa. R.A.P. 302; s*ee, e.g.*, *Phila. Corr. Officers Ass'n v. Pa. Lab. Rels. Bd.*, 667 A.2d 459, 463 (Pa. Cmwlth. 1995) (declining to hear appellant's constitutional issues that were not raised before the Pennsylvania Labor Relations Board or the lower court).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Adam Ehrlich,  :
                  Appellant  :
                             :
          v.  :   No. 1213 C.D. 2024
                             :
Philadelphia Police Department  :

## O R D E R

AND NOW, this 13th day of May, 2026, the order of the Court of Common Pleas of Philadelphia County denying Appellant Adam Ehrlich's petition for judicial review is AFFIRMED.

 

---
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

| | |
|---|---|
| **ADAM EHRLICH**<br><br>**VS.**<br><br>**CITY OF PHILADELPHIA POLICE DEPARTMENT** | **Case ID:**<br>**231102234**<br><br>**Commonwealth Court Docket:**<br>**1213 CD 2024** |

<u>**1925(a) OPINION**</u>

**THOMAS STREET, SIERRA, J.**

### I.    <u>FACTS AND PROCEDURAL BACKGROUND</u>

The instant Appeal stems from a Petition for Judicial Review under Act 22, by which Adam Ehrlich ("Appellant") requested this Court review the Philadelphia Police Department's ("Appellee" or "PPD") denial of access to multiple recordings. On September 18, 2023, Appellant submitted multiple requests to the PPD seeking law enforcement recordings pursuant to Act 22.[1] Brief of Respondent City of Philadelphia Police Department [hereinafter "PPD Brief"], p. 2. On October 18, 2023, the PPD issued its response to Appellant's Request. *Id* at 4.

All but one of the requests at issue sought recordings related to events that took place on August 1st and 2nd of 2023 at three neighboring properties (2835, 2837, and 2839 Kensington Avenue) in which Appellant claims an ownership interest. *Id* at 2–3. According to Appellant, multiple members of the PPD approached Appellant on those dates, as one of the properties was subject to a civil action and there was a Court Order that the PPD was involved in enforcing. Brief in Support of Petition for Judicial Review [hereinafter "Appellant's

---

[1] Petitioner included nineteen (19) requests in the original submission, but only seventeen (17) of those requests were at issue.

OPFLD-In Re: Appeal Of Ehrlich, Adam [VKS]

1

VIII



23110223400050

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  D. KELLY  03/20/2025

Brief"], p. 3. Appellant claims that on August 2nd, 2023, PPD officers forcibly removed him from the property, wrongfully arrested him and inflicted injuries in the process, and removed some of Appellant's personal belongings from the property. *Id* at 3–4. Appellant made the requests for recordings under Act 22 to identify the source of the injuries, investigate potential civil rights violations, track the location of the personal belongings that were moved, and potentially use the recordings in the underlying civil action. *Id* at 4. The PPD denied Appellant's requests for these recordings, arguing that they are "entirely comprised of information pertaining to agency investigation(s)" and that reasonable redaction would not cure the issue. *Id.*

The remaining unrelated request ("Request 24355") sought recordings from "August 2023" that took place "[w]ithin the City of Philadelphia," asking for "ALL available recorded Bodycam footage of/from former P/O Mark [D]ial & Law Enforc[e]ment" and "[a]ll Bodycam and other records pertaining to the Shooting and Investigation of Eddie Irizarry." PPD Brief, p. 3-4. Appellant was asking the PPD to provide all available bodycam footage for an incident in which an individual was shot and killed by a PPD officer. Appellant's Brief, p. 2. Appellant admits that there was bodycam footage of the incident that was already released to the public at the time of the request. *Id.* The PPD denied this request on the grounds that it was not sufficiently specific under the requirements of Act 22. PPD Brief, p. 4. The PPD further specified that this request was denied to the extent that it sought information pertaining to an investigation and/or sought records or information other than audio or video recordings. Appellant's Brief, p. 2. Upon Petition to this Court, the PPD added that it believed the issue was moot because, as to the portion of the request that was sufficiently specific, all responsive recordings were made publicly accessible in September 2023. PPD Brief, p. 7.

2

IX

On November 17, 2023, Appellant filed the Petition for Judicial Review currently at issue. A hearing was held on July 15, 2024—at which time Appellant withdrew Request 24355 from the Petition.[2] On July 22, 2024, the PPD filed a joint Motion to Dismiss and Motion for Sanctions, arguing that the Petition was rendered moot because the PPD had produced all requested recordings in May 2024, or the recordings were otherwise made public such that Appellant was able to access them. Respondent Philadelphia Police Department's Motion to Dismiss & Motion for Sanctions [hereinafter "Motion to Dismiss"], ¶ 4–7. Appellant admitted that he received recordings from the PPD but denied that it was all the recordings encompassed by the request. Petitioner's Response to Motion to Dismiss, ¶ 5–6. After consideration, this Court issued an Order denying Appellant's Petition for Judicial Review on August 14, 2024. The Court also denied the PPD's Motion to Dismiss and Motion for Sanctions on the same date. Appellant filed a Motion to Reconsider regarding this Court's denial of the Petition on September 9, 2024, but said Motion was rendered moot because the instant Appeal was filed before the Court had a chance to consider it. Appellant timely filed the instant Appeal to the Commonwealth Court on September 13, 2024.

## II.     ISSUES RAISED ON APPEAL

Appellant's Rule 1925(b) Statement states:

1) The Lower Court erred by denying Mr. Ehrlich's Petition for Judicial Review, as to all of the Recordings by Law Enforcement Officers sought in that Petition.
2) The lower court erred by not requiring the disclosure and production of recordings by Law Enforcement Officers from August 1, 2023.
3) The lower court erred by not specifically requiring the disclosure and production of Recordings by Law Enforcement Officers in response to Request 24360, which sought bodycam video from Sgt. Wong of the City of Philadelphia Police Department.

---

[2] It was brought to Appellant's attention some time between the time of the request and the time of the hearing that criminal proceedings were instituted against the Officer involved, and thus Appellant willingly withdrew the request that was related to that incident. Notes of Testimony [hereinafter "N.T."] 7/15/24, 10:15–18; 14:15–18.

X

4) The lower court erred by not specifically requiring the disclosure and production of Recordings by Law Enforcement Officers in response to Request 24360 because the City of Philadelphia Police Department acknowledged that recordings exist that are responsive to Request 24360 yet have never been produced to Mr. Ehrlich.

5) The lower court erred by not requiring the Police Department to identify which recordings were redacted or withheld that are responsive to Mr. Ehrlich's several requests as set forth in the Petition for Judicial Review.

## III.   DISCUSSION

As a preliminary matter, none of Appellant's first three issues raised on Appeal allege any specific error of law or abuse of discretion that this Court committed, nor does Appellant provide any reasoning to support why he believes that this Court erred; it merely makes blanket assertions that errors occurred. The fourth and fifth issues are slightly more specific but still do not provide guidance to this Court as to what alleged error it is responding to. Given the lack of specificity in the 1925(b) Statement, this Court shall outline the reasoning for its decision rather than responding directly to the 1925(b) issues raised.

### Background Law and Standard of Review

Act 22 of 2017 made a distinction between law enforcement audio/video recordings and all other records that are available for request under the Right to Know Law. This Act created a "separate, exclusive means of access" for such recordings. *See Patterson v. Pa. State Police*, AP 2023-1467, 2023 WL 6121215 (Pa. Off. Open Rec.); 42 Pa.C.S. § 67A02(a). This distinction in Act 22 means that, unlike typical Right to Know Law proceedings, there is not an explicit presumption that the recordings are subject to public disclosure. *See* 65 P.S. § 67.101, *et seq.* In fact, the restrictions on disclosure provide explicit scenarios when the law enforcement agency "*shall*" deny a request for protected information. 65 P.S. § 67A04(a) (emphasis added).

4

XI

When a party seeks judicial review of the PPD's response to a request for recordings, the Court's review is guided by 42 Pa.C.S.A. § 67A06. The Court may grant a Petition for Judicial Review **only if** the petitioner establishes the following by a preponderance of the evidence:

(1) The request was not denied under section 67A04 (relating to law enforcement review) or the request was denied under section 67A04 and the court of common pleas with jurisdiction determines that the denial was arbitrary and capricious.

(2) The public interest in disclosure of the audio recording or video recording or the interest of the petitioner outweighs the interests of the Commonwealth, the law enforcement agency or an individual's interest in nondisclosure. In making a determination under this paragraph, the court of common pleas may consider the public's interest in understanding how law enforcement officers interact with the public, the interests of crime victims, law enforcement and others with respect to safety and privacy and the resources available to review and disclose the audio recording or video recording.

*Id.* at § 67A06(e). Importantly, both elements must be met for the Court to even consider granting the petition; even when they are met, Act 22 only states that the court "*may* grant a petition," not that it *must. Id.* (emphasis added). Further, appellate review by the Commonwealth Court is limited to determining whether the decision was supported by substantial evidence, and/or whether there was an error of law or abuse of discretion. *Martinez v. City of Reading Police Department*, 289 A.3d 1136, 1139 n. 15 (Pa. Cmwlth. 2023). All the requests that remain at issue were denied under Section 67A04. PPD Brief, p. 4. Therefore, this Court was tasked with assessing whether the PPD's denial of Appellant's requests was arbitrary and capricious **and** whether public or Appellant's personal interests in disclosure outweighed the PPD's interest in nondisclosure.

5

XII

## Arbitrary and Capricious Test

An action that is arbitrary and capricious has been defined as one where the agency has not "examine[d] the relevant data" and cannot "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Cary v. Bureau of Professional and Occupational Affairs*, 153 A.3d 1205, 1210 (Pa. Cmwlth. 2017) (citing *Motor Vehicle Manufacturers Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The requests for which this issue is relevant are the sixteen (16) requests for recordings of the events that took place on August 1st and 2nd between Appellant and the PPD.

The PPD denied the request citing Section 67A04 of Act 22, which precludes providing access to recordings comprised of "information pertaining to an investigation." 42 Pa.C.S. § 67A04. The definition includes, in relevant part:

(1) Complaints or depictions of criminal conduct, including all actions or statements made before or after the criminal conduct that are part of or relate to the same incident or occurrence.

(2) Upon disclosure, information that would:

    (i)     reveal the institution, progress or result of a criminal investigation.
    (ii)    deprive an individual of the right to a fair trial or an impartial adjudication.
    (iii)   [...]
    (iv)   Hinder the ability of the Attorney General, a district attorney or a law enforcement officer to secure an arrest, prosecution or conviction.

(3) Upon disclosure, information that would:

    (i) Reveal the institution, progress or result of an agency investigation.
    (ii) Deprive a person of the right to an impartial administrative adjudication.

42 Pa.C.S. § 67A01. Notably, this definition provides a restriction on disclosure for both criminal and non-criminal ("agency investigation" and "administrative adjudication")

investigative records. This definition also does not limit the information to that which eventually leads to an arrest, charge, or conviction.

The PPD further cites Act 22's preclusion of access to recordings that contain "confidential information" which includes "[i]nformation made confidential by law or court order." *Id*; *see also id* at § 67A09. The PPD cited that, the Criminal History Record Information Act ("CHRIA") is one such law that further renders the information that Appellant sought confidential and not subject to disclosure. Under CHRIA, public dissemination of "investigative information" is not permitted. CHRIA defines "investigative information" as that "assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing..." 18 Pa.C.S. § 9102, *see id.* at § 9106(c)(4). Information that is protected under CHRIA is considered confidential and thus restricted from dissemination under Act 22. *See id.;* 42 Pa.C.S. § 67A04.

Appellant submitted a request for access to recordings that are subject to the restrictions of Act 22 and CHRIA. The recordings that Appellant issued included information related to the PPD's inquiry into an incident involving allegations of defiant trespass,[3] which led to Appellant's arrest. PPD Brief, p. 13. Even though the result of the arrest was a civil citation rather than a criminal charge, the allegation that brought PPD officers to the site was an allegation of a crime under the Crimes Code. N.T. 7/15/24, 18:7–14. Appellant's assertion that no crime occurred and that he was never charged with a crime because of the interactions at issue is not dispositive because, as stated above, the restriction under Section 67A04 is not limited to criminal investigations, nor is it limited to information that

---

[3] The PPD stated specifically that the recordings were connected to an inquiry into incidents "involving, *at minimum*, allegations of defiant trespass..." PPD Brief, p. 13 (emphasis added).

later becomes a criminal arrest, charge, or conviction. 42 Pa.C.S. § 67A01. Further, CHRIA makes confidential information that is "a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing," which is exactly what occurred in the requested recordings. 18 Pa.C.S. § 9102. The PPD officers were investigating allegations of potential criminal conduct when the events at issue occurred. PPD Brief, p. 13. Even though Appellant was never charged with a crime, that does not mean that the PPD was not investigating what could have been a crime. Additionally, the PPD were also at the property regarding a non-criminal agency investigation, which makes the footage protected investigative information under Act 22 in that regard. N.T. 7/15/24, 19:9–15; 42 Pa.C.S. § 67A01(3)(i).

From this explanation, the Court found that it was clear that the PPD "examine[d] the relevant data" by describing what characteristics of the recordings made them constitute investigative information. *Cary v. Bureau of Professional and Occupational Affairs*, 153 A.3d 1205, 1210 (Pa. Cmwlth. 2017) (citing *Motor Vehicle Manufacturers Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The PPD then "articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made" by explaining why investigative information was restricted from dissemination under both Act 22 and CHRIA, despite Appellant's argument about the lack of criminal charges. *Id.* Therefore, this Court found that the PPD's denial of Appellant's request was not arbitrary and capricious and, further, that the first element for granting a Petition for Judicial Review was not met.

<u>Public and/or Personal Interests in Disclosure v. PPD's Interest in Nondisclosure</u>

A Court of Common Pleas "may grant a petition under this section... and order the disclosure... ***only if*** the court determines that the petitioner has established [both elements] by a preponderance of the evidence." 42 Pa.C.S.A. § 67A06(e) (emphasis added). As discussed above, this Court found that Appellant failed to meet the first element, so the Court was justified in denying the Petition based solely on that analysis according to the statute. However, for the sake of thoroughness, a discussion of the second element follows.

The second element in determining whether a petitioner has made a sufficient showing for the Court to consider judicial review is determining whether "[t]he public interest in disclosure of the audio recording or video recording or the interest of the petitioner outweighs the interests of the Commonwealth, the law enforcement agency or an individual's interest in nondisclosure." *Id.* Factors the Court can consider include: the public's interest in understanding how law enforcement officers interact with the public; the interests of crime victims, law enforcement and others with respect to safety and privacy; and the resources available to review and disclose the audio recording or video recording. *Id.*

Appellant's stated personal interests in accessing the recordings include identification of the source of his injuries, investigation of potential civil rights violations, tracking the location of the personal belongings that were moved, and potential use of the recordings in the underlying civil action. The relevant public interest is transparency and accountability of the PPD and its officers. The PPD's interest is in protection of investigative information in accordance with Act 22 and CHRIA.

9

XVI

This Court was informed, upon the PPD's subsequent Motion to Dismiss, that the City of Philadelphia's representatives in a separate, simultaneous, related civil action were not aware of the Act 22 requests until after oral argument had already taken place.[4] Motion to Dismiss, ¶ 4. The representatives of the PPD, uninvolved in the civil action, discovered after the oral argument that relevant recordings were produced through the discovery process in the civil matter on May 21, 2024—well before the oral argument on the Act 22 Petition took place on July 15, 2024. *Id* at ¶ 4–6. An attorney with the City of Philadelphia Law Department submitted an affidavit along with the Motion to Dismiss affirming that all recordings concerning Appellant and 2837 Kensington Avenue that were within the City's possession were produced. *Id* at Exhibit A. In his response to the Motion to Dismiss, Appellant asserted, *inter alia*, that he believed there was additional footage not produced in discovery that Appellant wanted to continue pursuing under Act 22. *See generally* Petitioner's Brief in Opposition to Motion to Dismiss and Motion for Sanctions.

Therefore, at minimum, Appellant's stated interest in accessing the recordings for use in the underlying civil action is moot. Appellant's response to the Motion to Dismiss did not convince the Court that his other personal interests were not adequately served by the production of several (even if it was not all) recordings,[5] especially where the PPD made a strong case for nondisclosure. The public interest in accountability and transparency is satisfied in this Court's view, as the PPD produced the recordings when they became relevant to active litigation. As explained at length in the section above, the PPD adequately

---

[4] This information was brought to the Court's attention in the PPD's Motion to Dismiss and Appellant's response thereto. These submissions were filed after the oral argument took place, but before the Court issued its decision on this matter, so the information in these filings was relevant to the ultimate decision.

[5] The parties dispute how many recordings were produced by the PPD and/or received by Appellant, however, the minimum number alleged was nineteen (19) recordings.

explained and defended its reasoning for withholding the recordings as per the protections for investigative information under Act 22. This led the Court to conclude that Appellant failed to establish the first element, thus precluding the Court from granting the petition before even reaching the interest portion of the analysis. Further, it supported a finding that the PPD's interest in complying with statutory requirements and preventing disclosure of protected information outweighed Appellant's personal interests.

## IV.    **CONCLUSION**

For the reasons set forth in the foregoing Opinion, the Court's judgment should be affirmed.

BY THE COURT:

DATE: 03/20/2025

THOMAS STREET, SIERRA, J.