The Employes of the City of Philadelphia, Deputy Sheriffs I & II, Appellants *v.* Pennsylvania Labor Relations Board, Appellee, and District Council 33, American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., Intervening Appellee.

Argued October 7, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stanley M. Shingles,* with him *Fineman and Fineman,* for appellants.

*Robert M. Simon,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, *James L. Crawford,* Assistant Attorney General, *Anthony J. Molloy, Jr.,* Assistant Attorney General, for appellees.

*Richard Kirschner,* with him *Neal Goldstein,* and *Markowitz & Kirschner,* for intervening appellee.

OPINION BY JUDGE KRAMER, February 6, 1976:

This is an appeal by certain Deputy Sheriffs of the City of Philadelphia (hereinafter petitioners)[1] from an order of the Court of Common Pleas of Philadelphia County, which affirmed an adjudication of the Pennsyl-

---

1. The petitioners hold a civil service classification of Deputy Sheriff I and II.

vania Labor Relations Board (PLRB) holding that the PLRB did not have jurisdiction to entertain a petition for representation. We conclude that the PLRB was correct in holding that it did not have jurisdiction and we therefore affirm.

The petition for representation was filed under the Public Employe Relations Act (PERA)[2]. It alleged that the petitioners were employes of the City of Philadelphia represented by District Council 33, American Federation of State, County and Municipal Employees, A.F.L.-C.I.O. (AFSCME); that they represented 30 percent or more of the employes of the designated unit; and that they desired to be exclusively represented for collective bargaining purposes by the Fraternal Order of Police, Lodge No. 5.

A hearing was held on July 2, 1973, and the PLRB issued a nisi order on November 21, 1973, dismissing the petition because it was not timely filed and because the PLRB did not have jurisdiction. After oral argument on exceptions filed, the PLRB, on December 19, 1973, issued its final order rescinding that portion of its nisi order based on timeliness but affirming that order in all other respects. The petitioners appealed to the court below which dismissed the appeal and affirmed the PLRB order.

Although the petitioners attempt to raise many issues in this appeal, the only issue which this Court need decide is whether the PLRB had jurisdiction to pass upon the petition. Section 2003 of PERA, 43 P.S. §1101.2003, reads as follows:

> "Present provisions of an ordinance of the City of Philadelphia approved April 4, 1961, entitled 'An Ordinance to authorize the Mayor to enter into an agreement with District Council 33, American Federation of State, County and Municipal Employes,

---

2. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

A.F.L.-C.I.O., Philadelphia and vicinity regarding its representation of certain City Employes,' which are inconsistent with the provisions of this act shall remain in full force and effect so long as the present provisions of that ordinance are valid and operative." The PLRB found that the City ordinance referred to in Section 2003 of PERA was still in full force and effect and that a contract existed between the City of Philadelphia and AFSCME. These findings are supported by substantial and legally credible evidence and are therefore conclusive.[3]

Contrary to the contention of the petitioners, Section 2003 of PERA is not local and special legislation prohibited by the Constitution.[4] Section 2003 merely carries out the stated public purpose of PERA[5] by continuing the life of a preexisting labor contract through formal exclusionary recognition. The City of Philadelphia clearly had the power to pass the ordinance and enter into a collective bargaining agreement with AFSCME under the Philadelphia Home Rule Charter.[6]

In summary, we conclude that the PLRB was correct in deciding that the existence of the ordinance referred to in Section 2003 of PERA and the existence of a contract between the City of Philadelphia and AFSCME under that ordinance, precluded it from taking jurisdiction over the petition for representation.

We affirm the order of the court below.

---

3. Section 1502 of PERA, 43 P.S. §1101.1502.

4. *See* Pa. Const. art. III, §32.

5. *See* Section 101 of PERA, 43 P.S. §1101.101.

6. *See* Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §13101 et seq.