**CITY OF PHILADELPHIA, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2009.

Decided Oct. 20, 2009.

Shannon D. Farmer and Farrah I. Gold, Philadelphia, for petitioner.

Warren R. Mowery, Jr., Harrisburg, for respondent.

Samuel L. Spear, Philadelphia, for intervenor, AFSCME District Council 33.

Claiborne S. Newlin, Philadelphia, for intervenor, AFSCME, Local 159.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The City of Philadelphia (City) appeals from the September 16, 2008, order of the Pennsylvania Labor Relations Board (PLRB), which dismissed the City's exceptions to a hearing examiner's Proposed Decision and Order (Proposed Order) and made the Proposed Order absolute and final. We affirm.

The American Federation of State, County and Municipal Employees, District Council 33 (AFSCME), is the exclusive bargaining representative for nonprofessional City employees. Local 159, Chapter B, represents City guards and other City correctional employees.[1] On October 31, 2007, AFSCME requested interest arbitration for the City's guards pursuant to section 805 of the Public Employe Relations Act (PERA).[2] The City refused the request, and AFSCME and Local 159 filed a complaint with the Pennsylvania Labor Relations Board (PLRB), alleging that the City committed an unfair labor practice by refusing to engage in section 805 interest arbitration. The PLRB assigned the matter to a hearing examiner.

The City argued before the hearing examiner that section 805 does not give its guards the right to interest arbitration because City guards do not belong to a homogenous "unit" created under section 604(3) of PERA;[3] instead, City guards are

1. City guards are not permitted to strike. Under section 1001 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1001, strikes by guards at prisons or mental hospitals are prohibited at any time.

2. 43 P.S. § 1101.805. Section 805 of PERA provides, in pertinent part, as follows:

   Notwithstanding any other provisions of this act where representatives of units of guards at prisons or mental hospitals ... have reached an impasse in collective bargaining and mediation as required in section 801 of this article has not resolved the dispute, the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with the proviso that the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only.

   43 P.S. § 1101.805 (emphasis added).

3. 43 P.S. § 1101.604(3). Section 604(3) of PERA states that the PLRB shall not permit guards at prisons and mental hospitals to be included in any unit with other public em-

part of a diverse bargaining unit established under section 2003 of PERA[4] and a 1961 City ordinance. Section 2003 of PERA states:

> Present provisions of an ordinance of the City of Philadelphia approved April 4, 1961 [Ordinance] . . . which are inconsistent with the provisions of this act shall remain in full force and effect so long as the present provisions of that ordinance are valid and operative.

The 1961 Ordinance authorizes the Mayor of the City to enter into an agreement with AFSCME regarding its representation of City employees, essentially creating one huge bargaining unit containing employees that, under PERA, could not be in the same unit.

The hearing examiner rejected the City's argument, reasoning that, because section 2003 did away with the requirement that City guards belong to a homogenous "unit" under section 604(3), section 805's reference to "units" does not pertain to City guards. The hearing examiner also considered that the statutory scheme of PERA is to give guards a right to interest arbitration in return for their inability to strike, suggesting that there was no reason why that policy should not apply to City guards. Thus, the hearing examiner issued the Proposed Order directing the City to engage in interest arbitration with the City guards.

The City filed exceptions with the PLRB, which dismissed them and made the Proposed Order absolute and final. The PLRB pointed out that the City was ignoring the opening clause of section 805, i.e., "Notwithstanding any other provision of this act. . . ." The PLRB stated that this clause makes clear that section 805 is designed to preempt any interpretation of PERA that would undermine the legislative intent to afford guards a right to interest arbitration in lieu of the right to strike. The City now appeals to this court.

■ As a preliminary matter, the City argues that the PLRB did not have jurisdiction over this matter, asserting that the section 805 issue is a "question of recognition," and, in *Employes of the City of Philadelphia v. Pennsylvania Labor Relations Board*, 23 Pa.Cmwlth. 233, 350 A.2d 923 (1976), *appeal denied*, (No. 2390 Allocatur Dkt.1976, filed May 25, 1976), this court held that the PLRB lacks jurisdiction over "questions of recognition." We disagree.

In *Employes*, the City's deputy sheriffs sought exclusive and separate representation by the Fraternal Order of Police, Lodge No. 5 (FOP), i.e., the deputy sheriffs wanted the PLRB to "recognize" the FOP as their exclusive bargaining representative. This court held that the PLRB lacked jurisdiction because the deputy sheriffs were required to be represented by AFSCME under section 2003 of PERA and the 1961 Ordinance. Here, City guards are not seeking recognition of an entity other than AFSCME as their representative. Thus, we reject the City's argument.

Turning to the merits, the City argues that the PLRB erred in concluding that City guards have a right to interest arbitration because section 805 provides for interest arbitration only where representatives of "units of guards" have reached an impasse in collective bargaining, and AFSCME does not represent a "unit of guards." We disagree.

■ In reviewing an administrative agency's decision-making, courts are re-

---

ployees and that such guards may form separate homogenous employee organizations.

**4.** 43 P.S. § 1101.2003.

quired to extend great deference to the administrative agency's expertise in interpreting legislative enactments. *Goslin v. State Board of Medicine,* 937 A.2d 531 (Pa.Cmwlth.2007). This court will defer to the PLRB's expertise where its conclusions are reasonable and not arbitrary or capricious. *State System of Higher Education v. Pennsylvania Labor Relations Board,* 737 A.2d 313 (Pa.Cmwlth.1999).

■ In interpreting section 805, the PLRB focuses on the opening words, "Notwithstanding any other provisions of this act." Thus, the PLRB reads section 805 as stating: Notwithstanding section 2003, which creates through the City's 1961 Ordinance a non-homogenous bargaining **unit of guards and other City employees** as an exception to section 604(3) of PERA, where representatives of **units of guards** have reached an impasse in the collective bargaining process, the impasse shall be submitted to interest arbitration. We agree with the PLRB that PERA's creation of two types of "units of guards," one a homogenous unit composed exclusively of guards and the other a diverse unit composed of guards and other City employees, makes the phrase "unit of guards" ambiguous, i.e., capable of more than one reasonable interpretation.

■ Because of this ambiguity, the PLRB properly considered the objective of section 805 in order to ascertain the intention of the General Assembly.[5] In that regard, our supreme court has stated that section 805 provides mandatory binding interest arbitration for guards as the *quid pro quo* for denying guards the right to strike. *Office of Administration v. Pennsylvania Labor Relations Board,* 528 Pa. 472, 598 A.2d 1274 (1991). Thus, the PLRB interpreted section 805 in a manner that fulfills its objective and, because such an interpretation is reasonable, we defer to it.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of October, 2009, the order of the Pennsylvania Labor Relations Board, dated September 16, 2008, is hereby affirmed.

---

5. To ascertain the intention of the General Assembly, it is proper to consider the object to be attained by the statutory provision. Section 1921(c)(4) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(4).