**AFSCME District Council 33 v. City of Philadelphia**

*Thomas M. Gribben, Jr., Claiborne S. Newlin* and *Samuel L. Spear,* for appellants

*Shannon D. Farmer* and *Meredith C. Swartz,* for appellee

TUCKER, *J.,* June 13, 2013—

## I. Procedural History

This matter comes before the court on appeal from the entry of an order denying AFSCME, District Council 33 and AFSCME, Local 159's (hereinafter referred to as "appellants") motion to vacate an arbitration award. On April 23, 2012, appellants filed a motion to vacate arbitration award in the Philadelphia County Court of

Common Pleas. Mot. to vacate filed (04/23/2012). The city of Philadelphia (hereinafter referred to as "appellee") filed preliminary objections to appellants' motion to vacate arbitration award on May 14, 2012. Prelim. obj. (05/14/2012).

The court issued a rule to show cause why appellants were not entitled to the vacation of the arbitration award at issue; the rule was returnable on June 14, 2012 at 10:00 am in courtroom 675, City Hall, Philadelphia, PA. Rule issued (05/24/2012). This rule was later discharged pending the court's resolution of appellee's preliminary objections. Order entered by J. Tucker (06/05/2012). Appellants' filed a supplemental amended motion to vacate the same day, thereby rendering appellee's preliminary objections moot. Praecipe to suppl/attach filed (06/05/2012); Prelim. obj. marked moot (06/05/2012).

On June 25, 2012, appellee notified the court that a notice of removal of this matter had been filed in the United States District court for the Eastern District of Pennsylvania. Not. of removal to U.S. Dist. Ct. (06/22/2012). Roughly six months later, this matter was remanded to the attention of the Philadelphia County Court of Common Pleas by the United States District court for the Eastern District of Pennsylvania. Remanded by U.S. Dist. Ct. (11/14/2012).

Appellants filed another motion to vacate arbitration award on November 21, 2012. Mot. to vacate filed (11/21/2012). Appellee filed another set of preliminary objections to appellants' motion to vacate arbitration award on December 10, 2012. Prelim. obj. (12/10/2012). Again, the court issued a rule to show cause why appellants

were not entitled to the vacation of the arbitration award at issue; the rule was returnable on February 5, 2013 at 10:00 am in courtroom 675, City Hall, Philadelphia, PA. Rule issued (12/19/2012). By stipulation, appellants were granted leave to file their answer to appellee's preliminary objections. Stipulation filed (12/17/2012); Prelim. obj.-resp. date updated (01/08/2013); stipulation approved (01/8/2013). Appellants timely filed their answer to appellee's preliminary objections on January 10, 2013. Ans. to prelim. obj. (01/10/2013).

Thereafter, the parties filed a stipulation to reschedule the February rule to show cause hearing on appellants' motion to vacate arbitration award; the court approved the stipulation and made the rule returnable on April 3, 2013. Stipulation filed (01/11/2013); stipulation approved (01/18/2013). On February 25, 2013, the court scheduled a hearing on appellee's outstanding preliminary objections on April 4, 2013; for reasons of judicial economy, the court ordered that both the preliminary objections and the merits of the motion to vacate be heard on the same day. Mot. hearing scheduled (02/25/2013); order entered by J. Tucker (03/28/2013).

On April 5, 2013, the court entered two orders: (1) an order overruling appellee's preliminary objections to the motion to vacate arbitration award; and (2) an order denying appellant's motion to vacate arbitration award. Orders entered by J. Tucker (04/05/2013), docketed (04/09/2013). The court notes that orders were scanned in the incorrect order; the overruled preliminary objections should have been scanned prior to the "final disposition" on the motion to vacate arbitration award.

On April 11, 2013, appellants filed an appeal of the court's order denying their motion to vacate arbitration award to the Commonwealth Court. Appeal to Commonwealth Court (04/11/2013). On April 16, 2013, the court ordered appellants to file of record a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement"). Order entered by J. Tucker (04/16/2013). Appellants timely filed a 1925(b) statement wherein alleging the following errors committed by the court, verbatim:

1. The court erred by issuing an Order on the merits of the case when the only issue that was before the court was the Preliminary Objections filed by the City of Philadelphia on December 10, 2012.

2. The court erred by failing to find that plaintiff's Motion to Vacate Arbitration Award met the standard for narrow certiorari scope of review as set out in *FOP Lodge No. 5 v. City of Philadelphia*, 725 A.2d 206, 209 (Pa. Cmwlth. 1999).

3. The court erred by finding that the Arbitration Panel's improper reliance on the Pennsylvania Intergovernmental Cooperation Authority Act for Cities of First Class, 53 P.S. §§ 12720.101 et seq. (the PICA Act) constituted a mere error of law.

4. The court erred by failing to find that the Arbitration Panel's reliance on PICA constituted an excess of the Arbitration Panel's jurisdiction.

5. The court erred by failing to find that the Arbitration Panel's reliance on PICA compromised the regularity

of the proceedings before the Arbitrator.

6. The court erred by failing to find that the Arbitration Panel's decision was in excess of their powers.

7. The court erred by failing to recognize that the Arbitration Panel's decision denied the City's Correctional Officers and Youth Detention Counselors substantive due process as guaranteed by Article I, Section I of the Pennsylvania Constitution through its misplaced reliance on the PICA Act and by binding its Award under the restraints of that Act.

1925(b) statement (05/06/2013). A discussion ensues:

## II. Facts:

Appellants DC 33 and its affiliate Local 159 are the bargaining representatives of the city of Philadelphia's non-professional and non-uniformed employees. Appellants and appellee are parties to a collective bargaining agreement (hereinafter referred to as "CBA") covering approximately two thousand (2000) correctional officers, youth detention counselors and security guards working throughout facilities located in the city of Philadelphia. The officers, guards, and counselors represented by appellants are "guards" as defined by 43 P.S. §§ 1101.101 et seq., also known as the Public Employe Relations Act ("PERA/ Act 195"). After the Pennsylvania Labor Relations Board resolved an issue regarding appellants' right to invoke interest arbitration of various bargaining proposals, interest arbitration was invoked pursuant to PERA/Act 195. A three-member arbitration panel was convened and twelve (12) evidentiary hearings were conducted between

June and October 2010. On March 16, 2012, the neutral panel member issued an award ("award"), which was joined by the city panel member on March 22, 2012. The union panel member dissented.[1]

The award sets the terms and conditions of employment for covered employees for the period of July 1, 2008 through June 30, 2014. Appellants seek to vacate the following portions of the award, arguing that:

Section 2 fails to issue a wage award covering the period of July 1, 2009 through July 1, 2012;

Section 3 fails to reinstate unilaterally suspended Step and Longevity increases retroactively;

Section 5 raises the pension contribution rates for current employees effective July 1, 2013 and;

Section 8 removes holiday pay, sick pay and administrative leave as paid time for purposes of calculating when overtime pay is due.

Mot. to vacate (11/21/2012).

### III. Legal Analysis

Governing Principles

Appellants represent city of Philadelphia employees governed by PERA/Act 195. 43 P.S. §1101.805; *City of Philadelphia v. Pennsylvania Labor Relations Bd.*, 982 A.2d 136 (Pa. Cmwlth. 2009). Pursuant to PERA/

---

1. The court notes that the union panel member, Bernard N. Katz, appears to be a named partner of the law firm representing appellants at the arbitration as well as before the court.

Act 195, appellants are prohibited from striking due to policy reasons. 43 P.S. §1101.1001. Instead, appellants participate in binding interest arbitration as a trade-off to the prohibition on striking. *City of Philadelphia,* 982 A.2d at 139. As explained by the Commonwealth court in *FOP, Lodge No. 5 v. City of Philadelphia (Costello),* 725 A.2d 206, 208 (Pa. Cmwlth. 1999), the goal of interest arbitrations is to formulate a collective bargaining agreement where the parties have been unable to do so. This is because unlike grievance arbitration panels, interest arbitration panels do not have a bargaining agreement to interpret. *Id.*

Although interest arbitrations awards are "final and binding upon" the arbitrating parties, the courts of the Commonwealth have been vested with judicial scrutiny of PERA/Act 195 arbitration awards under a narrow certiorari review. *Dept. of Corr. v. Pennsylvania State Corrections Officers Ass'n,* 12 A.3d 346, 351 (Pa. 2011). Specifically, as here, the court is limited to resolving questions relating to: 1) excess of arbitrator's jurisdiction; 2) the regularity of the proceedings; 3) excess of arbitrator's powers; and 4) constitutional deprivations. *Id.* (*citing DOC v. State Corr. Officers Ass'n,* 932 A.2d 359, 364 (Pa. Cmwlth. 2007). The court will discuss each of these questions intern.

*1) The court properly issued its ruling on the merits of Appellant's Motion to Vacate Arbitration Award and also Appellee's Preliminary Objections on the Motion to Vacate Arbitration Award.*

To begin, the court did not err in ruling on the underlying motion to vacate arbitration award. Contrary to appellants'

assertions, both appellee's preliminary objections to the motion to vacate arbitration award and the underlying motion to vacate arbitration award were before the court. The docket and notes of testimony confirm this fact. The court ordered a rule to show cause in regard to the motion to vacate arbitration award on December 19, 2012. Rule issued (12/19/2012). The rule returnable was rescheduled pursuant to a joint stipulation of the parties. Stipulation filed (01/11/2013). The rule returnable was rescheduled to April 4, 2013 at 10:00 am in courtroom 675, City Hall, Philadelphia, PA. Mot. hearing scheduled (01/18/2013); mot. hearing scheduled (02/25/2013). Indeed, there is not one, but two docket entries notifying the parties that the rule on the motion to vacate arbitration award was returnable on April 4, 2013. *Id.*

In regard to the preliminary objections, the court ordered oral arguments on the preliminary objections on March 28, 2013. Order entered by J. Tucker (03/28/2013). The motion hearing on the preliminary objections was rescheduled to April 4, 2013 at 10:00 am in courtroom 675, City Hall, Philadelphia, PA. Order entered by J. Tucker (03/28/2013). Simply put, appellants and appellee were well aware that the court would entertain argument on both the preliminary objections and the motion to vacate arbitration award on the same day, at the same place, at the same time, despite appellants' statements to the contrary. The record reflects that both the court and appellee were prepared for hearings on both issues. N.T. (04/04/2013) at 2-4, 16-17.

The court notes that appellants have not stated that the court somehow erred in holding both hearings on the

same date. 1925(b) statement (05/06/2013). In addition, the court notes that appellants did not appeal the court's order overruling preliminary objections to their motion to vacate. However, in the interest of providing clarification, the court will shed light on its reasoning for holding both hearings on the same date, which go to judicial economy.

Preliminary objections in the nature of demurrer test the legal sufficiency of the complaint, and are an assertion that the pleading does not set forth a cause of action upon which relief can be granted. *Div. 85 of Amalgamated Transit Union v. Port Auth. of Allegheny County*, 455 A.2d 1265, 1267 (Pa. Cmwlth. 1983). Such preliminary objections admit all well-pleaded facts and all reasonable inferences therefrom. *Id.* On a motion to vacate arbitration award, every inference of fact should be drawn in favor of the party having the award. *Elec. Power Const. Co. v. Allen, Lane & Scott*, 80 A.2d 799, 801 (Pa. 1951). In addition, the court must determine whether the proper standards where applied in order to resolve a motion to vacate an arbitration award. AFSCME District Council 47 v. City of Philadelphia (AFSCME), 53 A.3d 93 (Pa. Cmwlth. 2012) (determining whether the arbitrators properly applied the "essence test").

The court was within its discretion to order one hearing to determine whether appellants set forth a cause of action upon which relief could be granted and whether the motion to vacate an interest arbitration award was meritorious based on applicable standards of review. Arguments either for or against a motion to vacate arbitration award go a step or two beyond arguments to sustain or overrule preliminary objections to a motion to vacate arbitration award. Even

appellants are aware of this logic as they stated that in order to determine the preliminary objections, the court has to pass upon the four-prong narrow certiorari scope of review. N.T. (04/04/2013) at 17, 19. The court was not obligated to waste judicial resources by scheduling separate hearings for both motions. The court took everything appellants said as true and determined that preliminary objections should be overruled. The court then took every inference of fact in favor of the party having the award and determined that the motion to vacate should be denied. N.T. (04/04/2013). Appellants failed to appreciate the court's orders scheduling both hearing, or simply chose to show up to the April 2013 unprepared. The court did not err in reaching the merits of the motion to vacate arbitration award, which was scheduled for hearing the same day as the preliminary objections in this matter.

*2) The court properly determined that Appellants' Motion to Vacate Arbitration Award did not meet the standards for narrow certiorari scope of review governing interest arbitrations*

*a. Exceeding Arbitrator's Jurisdiction*

First, appellant failed to show that the three-member arbitration panel exceeded its jurisdiction in this matter. The question of whether the arbitrator exceeded jurisdiction is straightforward - "did the decision-maker in the adjudicatory process act in that general class of controversies that the law empowers it to consider." *City of Philadelphia v. International Ass'n of Firefighters, Local 22 (IAFF, Local 22)*, 999 A.2d 555, 564 (Pa. 2010)

(*citing Dauphin Deposit Trust Co. v. Myers*, 130 A.2d 686, 694 (Pa. 1957)). An assertion that an arbitration panel improperly considered a "controversy that is not of this type [of disputes that arise out of the collective bargaining process]" raises a question of jurisdiction. *Id.*

Here, appellants have not alleged that the panel improperly considered a dispute that did not arise out of the collective bargaining process. Instead, appellants simply state that the three-member panel "wrongly asserts that any award must be governed by" 53 P.S. §§ 12720.101, also known as the Pennsylvania Intergovernmental Cooperation Authority Act for Cities of the First Class ("PICA/Act 111"). Mot. to vacate (11/21/2012). Appellants claim that this action was taken in excess of the arbitration panel's jurisdiction. N.T. (04/04/2013) at 17-20.

The record is clear that all of the portions of the award challenged by appellants address subjects that are unquestionably issues arising out of the collective bargaining process. Indeed, both parties submitted their respective proposals on the issues raised in the instant motion to vacate arbitration award. Praecipe to supplement/attach (06/05/2012)("arbitration award"). The three-member arbitration panel acted in the general class of controversies that the law empowers it to consider.

There is a distinct difference between the three-member panel taking PICA/Act 111 budgetary issues into consideration to resolve a collective bargaining dispute under PERA/Act 195 and the three-member panel actually setting appellee's budget. For example, if the three-member panel rewrote appellee's budget based on PICA/

Act 111, or PERA/Act 195, such an act would constitute an excess of jurisdiction.

### b. Regularity of the Proceedings

Appellants did not raise any dispute as to the regularity of the proceedings in this matter before the court. Mot. to vacate arbitration award (11/21/2012); N.T. (04/04/2013). Appellants cannot now charge as error to this court its failure to make a finding as to irregularity of proceedings for the first time on appeal based on waiver principles.

### c. Excess of Arbitrator's Powers

Appellants did not directly raise any dispute as to whether the arbitration panel exceeded its powers. Mot. to vacate arbitration award (11/21/2012); N.T. (04/04/2013) at 17. However, the court provides the analysis below as appellants' motion to vacate can be construed to argue that the arbitration panel exceeded its powers. In regard to the excess of power prong, an arbitration panel exceeds its powers when "it mandates that the public employer carry out an illegal act...that is, one that it could not have performed voluntarily...or perform an action unrelated to a bargainable term or condition of employment." Pa. State Corr. Officers Ass'n, 12 A.3d at 356 (internal citations omitted). Furthermore, as the Pennsylvania Supreme court stated in *City of Washington v. Police Dept. of Washington*, 259 A.2d 437, 441-42 (Pa.1969):

Whether the decision maker in an adjudicatory process has been guilty of an excess in the exercise of power depends fundamentally on whether he has gone outside the boundaries of his authority. No adjudicatory body

has unlimited discretion. At the very least, each and every adjudicator is bound by the Constitution of the United States; and most are bound by even tighter strictures.... In the instant case the adjudicatory power is an arbitration panel. Since it is a creature of the Legislature we must look to see if its powers were restricted in any way. If they were, and if the panel went beyond the limits of its authority, then it committed an excess in the exercise of power and the tainted portions of its mandate may be reviewed and corrected.

259 A.2d at 441, superceded by statute on other grounds. In contrast, "mere error[s] of law" will not support a finding that the arbitration panel exceeded its powers. Pa. State Corrections Officers Ass'n, 12 A.3d at 356. Errors of law include misinterpretations or misapplication of law affecting a term or condition or employment. *City of Philadelphia v. FOP*, Lodge No. 5, 558 A.2d 163, 164 (Pa. Cmwlth. 1989).

Here, appellants do not allege that the arbitration panel carried out an illegal act or mandated that appellee perform an action unrelated to a bargainable term or condition of employment. Instead, appellants argue that the arbitration panel committed what amounts to an error of law, as discussed below, in that the arbitration panel took PICA/Act 111 into consideration while resolving a PERA/Act 195 interest arbitration. An error of law alone is not proper grounds to vacate an arbitration award. Pa. State Corrections Officers Ass'n, 12 A.3d at 356.

To the extent that appellants argue the court erred in determining that the arbitration panel committed an error

of law, this claim is without merit. PICA/Act 111 only applies to Act 111 arbitrations and not PERA/Act 195 arbitrations as here. Specifically, PICA/Act 111 states:

(k) EFFECT OF PLAN UPON CERTAIN ARBITRATION AWARDS.-

(1) After the approval by the authority of a financial plan submitted pursuant to this section, any determination of a board of arbitration established pursuant to the provisions of the act of June 24, 1968 (P.L. 237, No. 111), referred to as the Policemen and Firemen Collective Bargaining Act, providing for an increase in wages or fringe benefits of any employee of an assisted city under the plan, in addition to considering any standard or factor required to be considered by applicable law, shall take into consideration and accord substantial weight to:

(i) the approved financial plan; and

(ii) the financial ability of the assisted city to pay the cost of such increase in wages or fringe benefits without adversely affecting levels of service.

53 PS §1270.209(k)(1). PERA/Act 195 has no such provision. Indeed, PERA/Act 195 provides the following:

Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational

structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives.

43 P.S. §1101.702. As the court stated in its April 9, 2013 order denying appellants' motion to vacate, the record is clear that the arbitration panel took the economic constraints of the city of Philadelphia into consideration pursuant to PICA/Act 111. Order entered by J. Tucker (04/04/2013). As such, the arbitration panel applied the incorrect law in the instant interest arbitration. The applicable statute, PERA/Act 195, did not require the Arbitration Panel to take economic constraints of the city into consideration. Therefore, the panel's consideration of PICA/Act 111 economic constraints is a misapplication and error of law, which alone is not a proper ground upon which the court can vacate the arbitration award. Pa. State Corr. Officers Ass'n, 12 A.3d at 356.

### d. Constitutional Deprivations

Third, appellant failed to show that the three-member arbitration panel committed any constitutional deprivations, namely a violation of substantive due process rights. The Supreme court of Pennsylvania has held that "the requirements of Article 1, Section 1 of the Pennsylvania Constitution are not distinguishable from those of the [Due Process Clause] of the 14th Amendment...[thus]...the same analysis [applies] to both claims." *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1955)(citations

omitted). To establish a substantive due process claim, a petitioner must prove that: (1) he or she was deprived of a protected property interest by state action; and (2) the state action was arbitrary and capricious. *Nicholas v. Pa. State Univ.,* 227 F.3d 133, 139-40 (3d Cir. 2000); *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 590 (3d Cir. 1998); *Levine v. Com., Dept. of Educ.,* 468 A.2d 1216, 1218 (Pa. Cmwlth. 1984). In order to establish a property interest, a litigant must show that they have an enforceable expectation created either by statute or by contract. *Barrett v. Ross Tp. Civil Service Com'n,* 55 A.3d 550, 556 (Pa. Cmwlth. 2012); *Pennsylvania Social Serv. Union, Local 668 v. Com., Dept. of Public Welfare, Office of Inspector General,* 699 A.2d 807, 812 (Pa. Cmwlth. 1997)(*citing Ins. Federation of Pennsylvania, Inc. v. Foster,* 587 A.2d 865, *appeal denied,* 600 A.2d 956 (Pa. 1991)). Lastly, an error of law does not create a substantive due process claim. *Sameric Corp.,* 142 F.3d at 592.

Here, appellants failed to establish a property interest in the arbitration panel's decision to rely on PICA/Art 111 in its award. Specifically, although appellants state that "the panel majority's professed reliance on the PICA Act, a law which does not apply to Act 195 Interest Arbitration, denied Local 159 fundamental fairness and substantial justice[]," such reliance does not amount to a deprivation of an enforceable expectation created either by statute or by contract. As stated above, the arbitration panel misapplied the law in this matter, which amounts to an error of law which is not sufficient to sustain a substantive due process claim.

IV. Conclusion

The court was well within its discretion to schedule one hearing to resolve both preliminary objections to a motion to vacate an arbitration award and the motion to vacate the arbitration award itself. The court properly denied appellant's motion to vacate a PERA/Act 195 arbitration award under the narrow certiorari scope of review for vacating interest arbitration awards. Upon review of the motion to vacate arbitration, response and oral argument thereon, the court properly denied appellants motion to vacate arbitration award. Although the three-member arbitration panel improperly applied and relied on PICA/Act 111 to fashion an interest arbitration agreement governed by PERA/Act 195, the arbitration panel's act amounted to a mere error of law. Such error of law is not proper grounds for vacating an arbitration award in the Commonwealth of Pennsylvania.